**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GS HOLISTIC LLC, | Case No. SA CV 23-0588-FMO (PVCx) |
| Plaintiff, | |
| v. | **ORDER DISMISSING ACTION WITHOUT PREJUDICE** |
| THE FIRM ENTERPRISES, INC., et al., | |
| Defendants. | |

On May 17, 2023, the court issued a Standing Order Re: IP Cases (see Dkt. 16, Court's Order of May 17, 2023), which ordered plaintiff to file a proof of service demonstrating service of the Complaint on all parties "within 93 days of the filing of the case absent a previously approved extension of time by the court." (Id. at 2). The court admonished plaintiff that "failure to file the proof of service within 93 days after the filing of the case shall result in the dismissal of the action and/or the defendant that has not appeared in the case and for which plaintiff has not filed a proof of service." (Id.) (citing Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962)). The court also ordered plaintiff to file a request for entry of default no later than seven days after the time the response to the complaint would have been due by the defendant. (See id.). The court admonished plaintiff that "failure to seek entry of default within seven [] days after the deadline to file a response to the complaint shall result in the dismissal of

the action and/or the defendant against whom entry of default should have been sought." (Id. at 2).

Here, plaintiff filed its Amended Complaint [] (Dkt. 38, "FAC") on August 2, 2023.[1] Plaintiff's FAC named The Firm Enterprises, Inc. ("The Firm"), Fatin Ali, and Khalid Ali as defendants. (See id. at 1). Accordingly, plaintiff was required to file a proof of service demonstrating service of the FAC no later than November 3, 2023. (See Dkt. 16, Court's Order of May 17, 2023, at 2). No such proof of service has been filed as to The Firm as of the date of this Order. (See, generally, Dkt.).

Further, defendants Fatin Ali and Khalid Ali (together, "Individual Defendants") were served with the summons and FAC on November 6, 2023, by substituted service. (See Dkt. 49, Proof of Service); (Dkt. 50, Proof of Service). However, plaintiff's proofs of service for the Individual Defendants were not filed until November 28, 2023. (See id.). As a result, neither filing was timely. (See Dkt. 16, Court's Order of May 17, 2023, at 2-3). Moreover, the Individual Defendants' responsive pleadings to the FAC were due no later than December 9, 2023, see Fed. R. Civ. P. 12(a), 6(a)(1)(C), and plaintiff was required to seek entry of default no later than December 16, 2023, in the event that the Individual Defendants did not file responsive pleadings. (See Dkt. 16, Court's Order of May 17, 2023, at 2). As of the date of this Order, neither Individual Defendant has answered the complaint, nor has plaintiff filed a request for entry of default. (See, generally, Dkt.).

Rule 4(m) of the Federal Rules of Civil Procedure provides that a court, on its own initiative, "must dismiss the action without prejudice" if service is not effected "within 90 days after the complaint is filed[.]" In addition, a district court may dismiss an action for failure to prosecute or to comply with court orders. Fed. R. Civ. P. 41(b); Link, 370 U.S. at 629-30, 82 S.Ct. at 1388 (authority to dismiss for failure to prosecute necessary to avoid undue delay in disposing of cases and congestion in court calendars); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (district court may dismiss action for failure to comply with any court order). Dismissal, however,

---

[1] Plaintiff's FAC dismissed all prior defendants from the action. (See Dkt. 38, FAC at 1-4).

2

is a severe penalty and should be imposed only after consideration of the relevant factors in favor of and against this extreme remedy. Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 831 (9th Cir.1986). These factors include: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik, 963 F.2d at 1260-61); see Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884, 891 (9th Cir. 2019) ("By its plain text, a Rule 41(b) dismissal . . . requires 'a court order' with which an offending plaintiff failed to comply."). "Although it is preferred, it is not required that the district court make explicit findings in order to show that it has considered these factors and [the Ninth Circuit] may review the record independently to determine if the district court has abused its discretion." Ferdik, 963 F.2d at 1261.

      Having considered the Pagtalunan factors, the court is persuaded that this action should be dismissed for failure to comply with a court order, failure to prosecute, and failure to effect service within the specified time. Plaintiff's failure to file a request for entry of default and to timely serve defendants hinders the court's ability to move this case toward disposition and indicates that plaintiff does not intend to litigate this action. In other words, plaintiff's "noncompliance has caused [this] action to come to a complete halt, thereby allowing [her] to control the pace of the docket rather than the Court." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (internal quotation marks omitted). Further, plaintiff was warned that failure to file a request for entry of default or to timely serve defendants would result in a dismissal of the action for lack of prosecution and failure to comply with a court order. (See Dkt. 16, Court's Oder of May 17, 2023, at 2-3); see also Ferdik, 963 F.2d at 1262 ("[A] district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the consideration of alternatives requirement.") (internal quotation marks omitted). Thus, having considered the Pagtalunan factors, the court is persuaded that the instant action should be dismissed for failure to comply with a court order, failure to prosecute, and failure to timely effect service.

1 | Based on the foregoing, IT IS ORDERED that judgment be entered dismissing this action, without prejudice, for failure to prosecute, failure to comply with the orders of the court, and failure to timely effect service.

Dated this 21st day of December, 2023.

>  /s/
> Fernando M. Olguin
> United States District Judge